## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| EDWARD M. HAMPTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:17-cv-127 |
| | ) |
| COUNTY OF ALLEN, COOK, WALTON, | ) |
| and NURSE, | ) |
| | ) |
| Defendant. | ) |

### OPINION AND ORDER

Edward M. Hampton is a prisoner who has been barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g), except on claims alleging that he is under imminent danger of serious physical injury. *See Hampton v. Cox*, No. 1:16-cv-354 (S.D. Ind. Aug. 5, 2016) (DE 15); *Hampton v. Smith*, No. 1:16-cv-854 (S.D. Ind. Aug. 24, 2016) (DE 11); *Hampton v. Matthews*, No. 1:16-cv-2237 (S.D. Ind. Aug. 25, 2016) (DE 5); *Hampton v. Roberts*, No. 1:16-cv-563 (S.D. Ind. Aug. 26, 2016) (DE 17).

In his complaint, Hampton alleges that he is in imminent danger because he is being denied medical treatment by an unnamed nurse at the Allen County Jail. (DE 1.) Specifically, he claims that he has not received treatment for a dental filling he lost on February 6, 2017, and that he is in severe pain. He also alleges he is being denied treatment for flesh-eating fungi on his feet and shins, which he believes may result in the loss of both feet. These allegations satisfy the "imminent danger standard," and he has been granted leave to proceed *in forma pauperis* so that he can pursue injunctive

relief to obtain medical treatment for his these medical conditions. *See generally Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

However, Hampton is suing an unnamed nurse, who is not the proper defendant for this injunctive relief claim. It is the Allen County Sheriff in his official capacity who is responsible for providing adequate medical care at the Allen County Jail. Therefore, the Allen County Sheriff will be added as a defendant.

A second problem with Hampton's complaint is that the injunctive relief Hampton seeks is transfer to another jail. That is not an appropriate remedy because prisoners are "not entitled to demand specific care[, nor are they] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Moreover, under the Prison Litigation Reform Act, "[w]here prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (internal quotation marks, brackets, and citations omitted). For these reasons, if injunctive relief is justified and therefore granted, it will be limited to requiring the Allen County Sheriff to provide Hampton with medical treatment as required by the U.S. Constitution.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary

injunctive relief, the moving party must demonstrate that he or she has a reasonable likelihood of success on the merits, lacks an adequate remedy at law, and will suffer irreparable harm if immediate relief is not granted. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). Before I can decide whether a preliminary injunction is appropriate in this case, I need more information. Therefore, I will order the Allen County Sheriff to file a report about Hampton's medical condition and what treatment he has received for his lost dental filling and the flesh-eating fungi on his shins and feet.

Last, Hampton's complaint alleges two additional claims that are unrelated to his medical claims—specifically that he was denied access to the law library by Allen County and Captain Cook and that his mail was confiscated by Lieutenant Walton. "Unrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). These claims are unrelated to Hampton's medical claims and do not allege imminent danger. Therefore, they will be dismissed without prejudice. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). If Hampton wants to pursue these claims (which are unrelated to each other), he needs to file two separate lawsuits for which he must pre-pay the $400 filing fee for each one.

 Accordingly:

(1) Hampton is **GRANTED** leave to proceed against the Allen County Sheriff in his official capacity for injunctive relief to obtain medical treatment for a lost dental

filling and a flesh-eating fungi on his feet and shins, which creates an imminent danger of serious physical injury by causing severe pain and the possible loss of both feet;

(2) the Clerk is **DIRECTED** to add the Allen County Sheriff in his official capacity as a defendant;

(3) the Clerk is **DIRECTED** to transmit summons and USM-285 for the Allen County Sheriff to the U.S. Marshals Service, along with a copy of the complaint and this order;

(4) the U.S. Marshals Service is **DIRECTED**, pursuant to 28 U.S.C. § 1915(d), to effect service of process on the Allen County Sheriff by April 14, 2017;

(5) the Allen County Sheriff is **ORDERED**, pursuant to 42 U.S.C. § 1997e(g)(2), to respond, as provided for in the Federal Rules of Civil Procedure and Northern District of Indiana Local Rule 10-1(b), only to the claim for which Hampton has been granted leave to proceed in this screening order;

(6) the Allen County Sheriff is **ORDERED**, by May 8, 2017, to file under seal and to serve on Hampton his pertinent medical records and a report describing his medical condition and what treatment he has received for his lost dental filling and the flesh-eating fungi on his feet and shins;

(7) all other claims alleged in the complaint, including those against County of Allen, Cook, Walton, and Nurse, are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

ENTERED: April 10, 2017.

s/ Philip P. Simon
JUDGE, UNITED STATES DISTRICT COURT